| | |
|---|---|
| Cameron Fine (Bar No. 029331)<br>cameron.fine@us.dlapiper.com<br>Haley Augur (Bar No. 036310)<br>haley.augur@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>2525 E. Camelback Rd, Suite 1000<br>Phoenix, Arizona 85016-4232<br>Telephone: (480) 606-5100<br>Facsimile: (480) 606-5100<br><br>Matthew Middleton (*pro hac vice forthcoming*)<br>matthew.middleton@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>1201 N. Market St., Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341 | Paul Steadman (*pro hac vice forthcoming*)<br>paul.steadman@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>444 W. Lake St., Suite 900<br>Chicago, Illinois 60606-0089<br>Telephone: (312) 368-4000<br>Facsimile: (312) 236-7516<br><br>Shaobin Zhu (*pro hac vice forthcoming*)<br>shaobin.zhu@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>701 Fifth Avenue<br>Seattle, Washington 98104-7029<br>Telephone: (206) 839-4800<br>Facsimile: (206) 839-4801<br><br>Nan Lan (*pro hac vice forthcoming*)<br>nan.lan@us.dlapiper.com<br>**DLA PIPER LLP (US)**<br>1900 N. Pearl St., Suite 2200<br>Dallas, Texas 75201-2482<br>Telephone: (214) 743-4500<br>Facsimile: (214) 743-4545 |

*Attorneys for Plaintiff 3S Americas, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 3S Americas, Inc., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>Cooper New Energy Co. Ltd., a Chinese corporation,<br><br>  Defendant. | No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 3S Americas, Inc. ("3S") files this Complaint for Patent Infringement and Demand for Jury Trial against Defendant Cooper New Energy Co. Ltd. ("Cooper") and alleges as follows:

## THE PARTIES

1. 3S Americas, Inc. is a Delaware corporation with its principal place of business at 2920 Telecom Parkway, Suite 400, Richardson, TX 75082.

2. On information and belief, Defendant Cooper is a Chinese company with its principal place of business at No. 20 Hongxing Road Jingjin E-commerce Industrial Park Wuqing District, Tianjin 300010, China.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. The law of the U.S. Court of Appeals for the Federal Circuit applies to personal jurisdiction issues in patent infringement cases. *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994) (applying Federal Circuit law, rather than regional circuit law, where the personal jurisdiction inquiry is "intimately related to substantive patent laws"). The Federal Circuit has outlined a three-factor test for specific jurisdiction, which considers whether "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009).

5. This Court has personal jurisdiction over Defendant pursuant to Federal Circuit law because, upon information and belief, Defendant has imported, has used or will use, has sold or will sell, and/or has offered or will offer to sell the accused product

1  in the State of Arizona and the United States.  For example, Defendant imported the
2  accused product into the United States on or before May 18, 2025 to display the accused
3  product at the CLEANPOWER 2025 Conference and Exhibition ("CLEANPOWER")
4  from May 19 to May 22, 2025 at the Phoenix Convention Center, 100 N. 3rd St.,
5  Phoenix, Arizona 85004.  On information and belief, Cooper has used or will use, has
6  sold or will sell, and/or has offered or will offer to sell the accused product at
7  CLEANPOWER in Arizona from May 18 to May 22, 2025.
8        6.    CLEANPOWER is the renewable energy industry's premier trade show
9  event, bringing together policy leaders, industry experts, and corporate leaders for
10 networking and innovation.  CLEANPOWER offers corporate leaders the opportunity to
11 display, exhibit, and advertise for sale their latest products and innovations in the
12 renewable energy industry at a booth that is available for purchase on the
13 CLEANPOWER website.  3S and other industry leaders attend CLEANPOWER each
14 year.  3S purchased a booth at CLEANPOWER 2025 to display its products.
15       7.    On information and belief, Cooper purchased a booth at CLEANPOWER
16 2025 at least in part to import, display, use, sell, and/or offer to sell the accused product
17 in Arizona and the United States.  Attached as Exhibit 1 is an annotated floor plan from
18 CLEANPOWER's website showing 3S's and Cooper's exhibition booths at
19 CLEANPOWER 2025 highlighted in yellow.
20       8.    On information and belief, at least four Cooper employees attended or will
21 attend CLEANPOWER 2025, including high-level members of Cooper's executive
22 and/or management team.  For example, the CLEANPOWER website attached as
23 Exhibit 2 lists the following Cooper employees as registered to attend CLEANPOWER
24 2025: Cooper's Chairman, Assistant to Chairman, International Sales Director, and
25 Technical Manager.  Cooper imported the accused product into Arizona for
26 CLEANPOWER on May 18, 2025, and through its International Sales Director and
27 other high-level employees, Cooper has used or will use, has sold or will sell, and/or has
28

1  offered or will offer to sell the accused product in the State of Arizona and the United
2  States.
3      9.   For example, Cooper imported the accused product into Arizona on or
4  before May 18, 2025.  Thereafter, Cooper publicly displayed the accused product at
5  CLEANPOWER convention center in Arizona at least on May 18 in preparation for the
6  CLEANPOWER event from May 19 to 22, 2025.  This is shown from the photo of the
7  accused product taken below at CLEANPOWER in Arizona on May 18.  On information
8  and belief, Cooper has used or will use, has sold or will sell, and/or has offered or will
9  offer to sell the accused product at CLEANPOWER in Arizona from at least May 18 to
10 22, 2025.



10.  By importing the accused product into Arizona, displaying the accused product at CLEANPOWER trade show in Arizona, and importing, using, selling, and/or offering to sell the accused product at CLEANPOWER trade show in Arizona through its International Sales Director and other high-level employees, Cooper has purposefully

directed its activities related to the accused product to residents of the State of Arizona. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1297-98 (Fed. Cir. 2009) (finding personal jurisdiction where defendant imported the accused product into the forum state and displayed the product at a trade show as part of an international sales effort); *Hewlett Packard Enter. Co. v. Inspur Grp. Co.*, No. 24-02220-JST, 2025 WL 754265, at *7 (N.D. Cal. Mar. 10, 2025) (that foreign defendant attended a trade show in the forum state "is enough to support a finding that [defendant] purposefully availed itself of the United States under *Synthes*.").

11.  3S's claim of patent infringement arises out of and relates to Cooper's activities in this forum because Cooper has committed acts of infringement by importing, using, selling, and/or offering to sell the accused product at CLEANPOWER in Arizona for the purpose of generating interest in the accused product, to the commercial detriment of 3S.  *Synthes*, 563 F.3d at 1298.

12.  Cooper has travelled to Arizona and imported, used or will use, sold or will sell, and offered or will offer to sell the accused product in Arizona, and thus the assertion of personal jurisdiction is fair and reasonable.  *Id.* at 1299-1300.

13.  Venue is proper in this district under at least 28 U.S.C. §§ 1391(b) and (c) because Defendant is not a resident of the United States and therefore may be sued in any judicial district.

## 3S'S INNOVATIONS

14.  Founded in 2005, 3S is a leading global supplier of innovative safety equipment and engineering service solutions for working-at-height in wind energy, construction, and other industries.  3S's core mission is to deliver safe, innovative, and cost-effective access equipment, and services that benefit its customers, employees, and the planet.  With over 900 employees, including over 300 research and development engineers, 3S's innovative service lifts, climbers, and other solutions have been implemented in over 150,000 wind turbines worldwide.  The innovative solutions 3S

offers contribute to the effectiveness, efficiency, and acceptance of renewable wind energy.

16. 3S recognized that a better solution was needed to support wind turbine technicians in creating clean energy for a sustainable future. For example, technicians that climb wind turbine ladders manually, without support equipment, often suffer injuries. On every wind farm, there are countless soft tissue injuries due to the repetitive motion of climbing. These injuries can lead to sick leave, long term health issues, and reduced motivation among wind turbine technicians. Moreover, manual climbing is relatively slow, and a technician can only climb a small number of turbines per day due to time constraints and technician fatigue. To provide a cohesive solution to these long-standing problems, 3S focused its research and development efforts on technologies that reduce technician injury and fatigue and allow technicians to climb turbines quickly and safely.

16. One of 3S's innovations addressing these problems is the Climb Auto System, which is marketed in the United States as the 3S Lift Climb Auto System. With the Climb Auto System, technicians are automatically carried to the top of the turbine— eliminating manual climbing and the resulting physical and mental strain to technicians. By eliminating manual climbing, the Climb Auto System improves job satisfaction and motivation, boosting employee retention and reducing high technician turnover costs. The Climb Auto System also allows a technician to reach the top of the turbine in approximately four minutes, allowing a technician to service more wind turbines per day than with manual climbing.

17. 3S's other innovative solutions include Service Lifts, Climb Assists, Aluminum Ladders, Platforms, Fall Protection Systems, Evacuation and Rescue Devices, Blade Maintenance Platforms, Offshore Cranes, and more. 3S sells its product worldwide in over 70 country markets through its sibling companies, including 3S Americas, Inc., 3S Europe GmbH, 3S Lift India Private Limited, 3S Japan Co., Ltd., and 3S Lift Brasil Ltda.

18. 3S is leading the way in services and devices for wind turbine technicians through its innovative climbing technology. The breadth of 3S's novel offerings filled a long-felt need for more effective turbine climbing solutions. 3S's novel technologies reduce costs of wind turbine ownership by reducing or eliminating technician injury and fatigue and allowing technicians to service more turbines per day.

19. In recognition of its innovation and expertise, 3S has been awarded 600 patents worldwide, including three United States patents, that disclose and claim, among other things, novel technologies for traction and lifting equipment in wind turbine climbing systems. These technologies are now central to the effectiveness, efficiency, and acceptance of renewable wind energy.

### 3S'S ASSERTED PATENT

20. On August 23, 2022, the United States Patent and Trademark Office ("USPTO") issues U.S. Patent No. 11,420,849 (the "'849 patent"), entitled "Traction machine and lifting equipment." The '849 patent names Zizhao Liu, Qingwei Zhang, and Guozhu Zhang as inventors and states that it is assigned to 3S. The '849 patent claims priority to Chinese Patent Application CN201810941508.X filed on August 17, 2018. A true and correct copy of the '849 patent is attached as Exhibit 3. The '849 patent relates to turbine climbing traction machines and lifting equipment.

21. The '849 patent is assigned to 3S. 3S owns all rights in and to the '849 patent, including the right to sue, the right to license, and the right to collect past and future damages for infringement.

### COOPER'S INFRINGEMENT

22. Cooper New Energy Co. Ltd. has been infringing and continues to infringe the '849 patent without authorization to unfairly benefit from 3S's innovation and investment. Cooper's conduct has harmed 3S and will continue to harm 3S if its wrongful conduct is permitted to continue, including harm to 3S's business relationships, market standing, sales, and profits. 3S therefore brings this action to

protect its business, its reputation, and its intellectual property rights from the harm caused by Cooper's ongoing infringement.

23. On information and belief, Defendant Cooper makes, uses, offers for sale, and sells in the United States, and/or imports into the United States the Cooper Free Climber Lifter that infringes the '849 patent.

24. For example, the Cooper Free Climber Lifter includes each and every limitation of exemplary claim 9 of the '849 patent. An exemplary chart showing how the Cooper Free Climber Lifter product includes each and every limitation of exemplary claim 9 is attached as Exhibit 4.

25. On information and belief, the Cooper Free Climber Lifter product has been used, sold, and/or offered for sale in the United States and/or imported into the United States. For example, upon information and belief, Cooper imported the accused product on or before May 18, 2025, and used or will use, sold or will sell, and offered or will offer to sell the Free Climber Lifter at CLEANPOWER in Phoenix, Arizona from May 18 to May 22, 2025.

26. Cooper's actions have caused 3S harm and will cause further harm to 3S if Cooper's actions continue. In addition, Cooper's knowing acts of infringement will frustrate 3S's continued strong business relationships, contracts, and potential contracts, resulting in lost sales and profits, and otherwise are causing or will cause substantial harm to 3S's business. For example, Cooper displayed, used or will use, sold or will sell, and offered or will offer to sell its infringing product at CLEANPOWER in close proximity to 3S's products, as shown by the annotated CLEANPOWER 2025 floor plan attached as Exhibit 1. Cooper will continue to infringe unless enjoined by this Court.

27. As a result of Cooper's actions, 3S brings this action to protect its intellectual property and its reputation as a worldwide leader of innovative safety equipment and engineering service solutions for working-at-height.

28. Unless enjoined, Cooper's actions will irreparably harm 3S. 3S has suffered damages as a result of Cooper's actions complained of herein.

**FIRST CAUSE OF ACTION**

**(INFRINGEMENT OF U.S. PATENT NO. 11,420,849)**

29. 3S realleges and incorporates by reference allegations stated in Paragraphs 1 through 28 of this Complaint.

30. In violation of 35 U.S.C. § 271, Cooper has infringed and is currently infringing one or more claims of the '849 patent, including at least claim 9, in this District and throughout the United States, directly and/or indirectly through third parties, by making using, selling, offering for sale, and/or importing into the United States, without authority, the Cooper Free Climber Lifter product that infringes the '849 patent.

31. For example, as shown in Exhibit 4, the accused Free Climber Lifter Product includes each limitation of and infringes exemplary claim 9 of the '849 patent.

32. The claimed invention in the '849 patent improves operation and reliability of a traction machine and lifting equipment.

33. Cooper indirectly infringes the '849 patent under 35 U.S.C. § 271(b) by actively and knowingly inducing others to make, use, sell, offer for sale, or import the Cooper Free Climber Lifter.  This product, as provided by Cooper to its customers and used as intended and instructed, infringe the '849 patent.  Cooper has sold and/or offered for sale the accused product and is continuing to do so to customers with the specific intent to actively encourage them to use the accused product in the United States in a manner that Cooper knows to be infringing.

34. On information and belief, Cooper has also contributed to and/or is contributing to the infringement of the '849 patent under 35 U.S.C. § 271(c) by using, importing, offering for sale, and/or selling the Free Climber Lifter.  Cooper has sold this product with knowledge that it is especially designed for use in a patent system and/or apparatus for use in a patented process and are not staple articles of commerce suitable for substantial non-infringing use.  For example, among other things, on information and belief, Cooper actively and knowingly sold this product and provided customer support, installation and instruction materials, and other documentation to customers for such

product's use as a component of a patented system and/or apparatus for use in a patented process. On information and belief, Cooper's customers have used and continue to use the Free Climber Lifter product in the United States in this manner and infringed the '849 patent.

35. Cooper has had actual knowledge of the '849 patent and its infringement at least as of the filing of this Complaint.

36. In view of Cooper's knowledge of its infringement of the '849 patent by at least the filing of this Complaint, Cooper's continued infringement from at least that date has been intentional.

37. As of the filing of this Complaint, Cooper is not licensed or otherwise authorized to practice the claims of the '849 patent.

38. As a direct and proximate result of Cooper's willful infringement of the '849 patent, 3S has been and continues to be damaged in an amount yet to be determined.

39. Unless enjoined, Cooper's infringement has and will irreparably harm 3S. 3S has suffered damages as a result of Cooper's actions complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, 3S prays that this Court enter judgment as follows:

40. Adjudicating and declaring the Defendant Cooper has infringed and is infringing the '849 patent;

41. In the alternative, adjudicating and declaring that Defendant Cooper has induced and is inducing infringement of the '849 patent;

42. In the alternative, adjudicating and declaring that Defendant Cooper has contributed to and is contributing to infringement of the '849 patent;

43. Adjudicating and declaring that Defendant Cooper's infringement has been and is willful;

44. Adjudicating and declaring that the '849 patent is valid and enforceable;

45. Permanently enjoining Defendnant Cooper, its officers, agents, servants, employees, attorneys and all persons in active concert or participation Cooper from further infringement of the 849 patent or, to the extent not so enjoined, ordering Defendant Cooper to pay compulsory ongoing royalties for any continuing infringement of the 849 patent;

46. Ordering that Defendant Cooper pay 3S's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284;

47. Declaring that this is an exceptional case and awarding 3S its attorneys' fees and expenses as provided for by 35 U.S.C. § 285; and

48. Granting 3S such other and further relief as the Court deems just and appropriate, or that 3S may be entitled to as a matter of law or equity.

Dated: May 18, 2025

**DLA PIPER LLP (US)**

By: */s/ Cameron Fine*
Cameron Fine (Bar No. 029331)
cameron.fine@us.dlapiper.com
Haley Augur (Bar No.036310)
haley.augur@us.dlapiper.com
2525 E. Camelback Rd, Suite 1000
Phoenix, Arizona 85016-4232
Telephone: (480) 606-5100
Facsimile: (480) 606-5100

Matthew Middleton (*pro hac vice forthcoming*)
matthew.middleton@us.dlapiper.com
1201 N. Market St., Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341

Paul Steadman (*pro hac vice forthcoming*)
paul.steadman@us.dlapiper.com
444 W. Lake St., Suite 900
Chicago, Illinois 60606-0089
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

Shaobin Zhu (*pro hac vice forthcoming*)
shaobin.zhu@us.dlapiper.com
701 Fifth Avenue
Seattle, Washington 98104-7029
Telephone: (206) 839-4800
Facsimile: (206) 839-4801

Nan Lan (*pro hac vice forthcoming*)
nan.lan@us.dlapiper.com
1900 N. Pearl St., Suite 2200
Dallas, Texas 75201-2482

| | |
|---|---|
| 1 | Telephone: (214) 743-4500 |
| 2 | Facsimile: (214) 743-4545 |

*Attorneys for Plaintiff*
*3S Americas, Inc.*

- 11 -